UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAUL CARPINTERO<br>64 Squire Road #1<br>Revere, MA 02151,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY COMMUTER<br>RAIL COMPANY, LLC<br>89 South Street-8th Floor<br>Boston, MA 02110<br><br>　　　　　and<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>a/k/a MBTA<br>10 Park Plaza<br>Boston, MA 02116 | CIVIL ACTION NO.:<br><br>05 10076 NMG<br><br>MAGISTRATE JUDGE _____<br><br>JURY TRIAL DEMANDED<br><br>RECEIPT # 61380<br>AMOUNT $150<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK ___<br>DATE 1/12/05 |

## COMPLAINT

COMES NOW the plaintiff, Raul Carpintero, by and through the undersigned counsel, MyersLafferty Law Offices, P.C., and Law Offices of Mario Bozza, Esq., and claims of the defendant, Massachusetts Bay Commuter Rail Company, LLC and defendant, Massachusetts Bay Transportation Authority, an amount in excess of the statutory arbitration limits, and avers the following:

1. Plaintiff, Raul Carpintero is an adult individual residing at 64 Squire Road #1, Revere, Massachusetts.

2. Defendant, Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a Limited Liability Company duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and

passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3.   Defendant, Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4.   At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant MBRC as an assistant conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5.   At all times material hereto and for some time prior thereto, defendant MBCR operated locomotives and/or trains owned and /or maintained by defendant MBTA.

## COUNT 1
## RAUL CARPINTERO v. MBCR

6.   Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.   This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq.

8.   On or about May 27, 2004, while working aboard a train which pulled into the Ipswich Station, plaintiff was in the process of operating the door to let passengers exit and enter the train.

9.   While plaintiff was so performing his duties, the door malfunctioned and the plaintiff was caused to suffer personal injuries as more fully set forth herein.

10.  Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant

acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with the proper tools and/or equipment necessary to safely perform such duties;

(b) failing to properly maintain, inspect and repair such tools and/or equipment which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c) failing to provide plaintiff a reasonably safe means of lifting, and/or opening the door on its train car;

(d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the sticking of its train car doors;

(e) failing to comply with governmental and/or other applicable safety regulations concerning the maintenance of its train car doors;

(f) failing to comply with governmental and/or other applicable safety regulations concerning the maintenance, operation and/or use of the tools and/or equipment plaintiff was require to use to perform his job related duties; and

(g) failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

11. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other

3

personal injuries he may have sustained, plaintiff suffered injuries to his right shoulder resulting in a right shoulder long head bicep tear by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

12. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

13. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

14. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

15. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

## COUNT II
## In Negligence
## Pendent Jurisdiction Under U.S. Constitution,
## Article III, Section 2
## RAUL CARPINTERO v. MBTA

17. Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. This action is brought against defendant, MBTA predicated upon negligence.

19. On or about May 27, 2004, defendant, MBTA negligently maintained its train car door, causing plaintiff to be injured.

20. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with the proper tools and/or equipment necessary to safely perform such duties;

(b) failing to properly maintain, inspect and repair such tools and/or equipment which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c) failing to provide plaintiff a reasonably safe means of lifting, and/or opening the door on its train car,

(d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the sticking of its train car doors;

(e) failing to comply with governmental and/or other applicable safety regulations concerning the maintenance of its train car doors;

  (f)  failing to comply with governmental and/or other applicable safety regulations concerning the maintenance, operation and/or use of the tools and/or equipment plaintiff was require to use to perform his job related duties; and

  (g)  failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

21. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his right shoulder resulting in a right shoulder long head bicep tear by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

22. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

23. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

24. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has

suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

25. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**A jury trial is demanded.**

Dated: 1-11-05

LAW OFFICES OF MARIO BOZZA

Mario Bozza, Esquire
63 Commercial Wharf
Boston, MA 02110
(617) 367-3100

Of Counsel:

MYERS LAFFERTY LAW OFFICES, P.C.
Steven M. Lafferty, Esquire
1515 Market Street, Suite 1310
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   **Raul Carpintero v. Massachusetts Bay Commuter Rail Company, LLC**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                  YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                                  YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                  YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                  YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                  YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒        Central Division ☐        Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                  YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Raul Carpintero

## DEFENDANTS
Massachusetts Bay Commuter Rail Company, LLC and Massachusetts Bay Transportation Authority

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven M. Lafferty, Esq.
Myers Lafferty Law Offices, PC
1515 Market Street, Suite 1310
Philadelphia PA 19102
215-988-1229

Mario Bozza, Esq
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.)
Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq.; Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____