UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -4  P 2: 56

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| RAUL CARPINTERO,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) CIVIL ACTION NO. 05-10076 NMG |
| MASSACHUSETTS BAY COMMUTER<br>RAIL COMPANY, LLC and<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Now come the defendants, Massachusetts Bay Commuter Rail Company, LLC ("MBCR") and Massachusetts Bay Transportation Authority ("MBTA"), in the above-entitled action and hereby answer the numbered paragraphs of the plaintiff's Complaint as follows:

1. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2. The defendants admit that Massachusetts Bay Commuter Railroad Company, LLC is a limited liability company duly organized under the law, that it operates railroad service among several states and that it does business in the city of Boston, Massachusetts. The defendants deny the remaining allegations contained within paragraph 2 of the plaintiff's Complaint.

3. The defendants admit the allegations contained within paragraph 3 of the plaintiff's Complaint.

4. The defendants admit the allegations contained within paragraph 4 of the plaintiff's Complaint.

5. The defendants admit the allegations contained within paragraph 5 of the plaintiff's Complaint.

COUNT I
Raul Carpintero v. MBCR

6. The defendants restate, re-allege and incorporate herein by reference their answers to the allegations set forth in paragraphs 1 through 5 of the plaintiff's Complaint.

7. The defendants are not called upon to admit or deny the allegations contained within paragraph 7 of the plaintiff's Complaint.

8. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 8 of the plaintiff's Complaint.

9. The defendants deny the allegations contained within paragraph 9 of the plaintiff's Complaint.

10. The defendants deny the allegations contained within paragraph 10 of the plaintiff's Complaint.

11. The defendants deny the allegations contained within paragraph 11 of the plaintiff's Complaint.

12. The defendants deny the allegations contained within paragraph 12 of the plaintiff's Complaint.

13. The defendants deny the allegations contained within paragraph 13 of the plaintiff's Complaint.

14. The defendants deny the allegations contained within paragraph 14 of the plaintiff's Complaint.

15. The defendants deny the allegations contained within paragraph 15 of the plaintiff's Complaint.

COUNT II
In Negligence
Pendent Jurisdiction Under U.S. Constitution
Article III, Section 2
Raul Carpintero v. MBTA

17.[sic] The defendants restate, re-allege and incorporate herein by reference their answers to the allegations set forth in paragraphs 1 through 15 of the plaintiff's Complaint.

18.[sic] The defendants are not called upon to admit or deny the allegations contained within paragraph 18 of the plaintiff's Complaint.

19.[sic]The defendants deny the allegations contained within paragraph 19 of the plaintiff's Complaint.

20.[sic]The defendants deny the allegations contained within paragraph 20 of the plaintiff's Complaint.

21.[sic]The defendants deny the allegations contained within paragraph 21 of the plaintiff's Complaint.

22.[sic]The defendants deny the allegations contained within paragraph 22 of the plaintiff's Complaint.

23.[sic]The defendants deny the allegations contained within paragraph 23 of the plaintiff's Complaint.

24.[sic]The defendants deny the allegations contained within paragraph 24 of the plaintiff's Complaint.

25.[sic]The defendants deny the allegations contained within paragraph 25 of the plaintiff's Complaint.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment against them as alleged in his complaint.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
And further answering, the defendants state that if they were guilty of any negligence proximately causing the plaintiff's injuries, which the defendants expressly deny, then the plaintiff is guilty of negligence contributing to cause said injuries and damages.

THIRD AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's claims should be barred because the plaintiff was guilty of negligence which was a contributing cause of his own injuries and which negligence was greater than the amount of negligence, if any, attributable to the defendants, or alternatively, the plaintiff's claim should be reduced by the amount of the plaintiff's own negligence.

FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the actions or inactions of the defendants were not the proximate cause of the plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which the defendants are not responsible.

FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the acts or failures to act alleged in the plaintiff's complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendants were not, and are not, legally responsible.

SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if it should be determined that the defendants were negligent and that such negligence exceeded that of the plaintiff, the damages assessable against the defendants should be reduced by the percentage of the negligence attributable to the plaintiff pursuant to the provisions of 45 U.S.C.A. 5, sec. 53.

SEVENTH AFFIRMATIVE DEFENSE

And further answering, the plaintiff's claim is barred because the plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

EIGHTH AFFIRMATIVE DEFENSE

And further answering, the plaintiff's claim is barred for failure to join one or more indispensable parties.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if they were negligent, as alleged in the plaintiff's complaint, which negligence it denies, then such negligence was not the cause of the plaintiff's alleged injuries or damages.


WHEREFORE, the defendants, Massachusetts Bay Commuter Rail Company, LLC and Massachusetts Bay Transportation Authority, respectfully request that this Court:

1. Deny the relief sought by the plaintiff in his complaint and dismiss said complaint with prejudice;

2. Award the defendants their reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,
Defendants,
MASSACHUSETTS BAY COMMUTER
RAIL COMPANY, LLC and
MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
By their attorney,

John J. Bonistalli; BBO # 049120
LAW OFFICES OF JOHN J. BONISTALLI
One Financial Center
Boston, MA 02111
(617) 695-3755

Dated: 2-2-05

## CERTIFICATE OF SERVICE

I, John J. Bonistalli, attorney for the defendants, Massachusetts Bay Commuter Rail Company, LLC and Massachusetts Bay Transportation Authority, hereby certify that a true copy of the foregoing Notice of Appearance and Defendants' Answer, Affirmative Defenses and Demand for Jury Trial was sent via first class mail, postage prepaid, this 3rd day of February, 2005 to:

Steven M. Lafferty, Esquire
MyersLafferty Law Offices
1515 Market Street, Suite 1310
Philadelphia, PA 19102

_____
John J. Bonistalli