UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05 10076 NMG

RAUL CARPINTERO,  \*
64 Squire Road #1  \*
Revere, MA 02151  \*
    Plaintiff  \*

v.  \*  ANSWER OF DEFENDANT
  \*  MASSACHUSETTS BAY
MASSACHUSETTS BAY  \*  TRANSPORTATION AUTHORITY
COMMUTER RAIL COMPANY, LLC  \*  TO PLAINTIFF'S COMPLAINT
89 South Street-8th Floor  \*
Boston, MA 02110  \*
  \*
    and  \*

MASSACHUSETTS BAY  \*
TRANSPORTATION AUTHORITY  \*
a/k/a MBTA  \*
10 Park Plaza  \*
Boston, MA 02116  \*
    Defendants  \*

---

    Now comes the Defendant Massachusetts Bay Transportation Authority a/k/a MBTA (hereinafter referred to as "MBTA") and answers the allegations set forth in Plaintiff's Complaint as follows:

1.   Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2.   Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3.   Defendant MBTA admits the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4.  Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5.  Defendant MBTA denies that it maintained any locomotives or trains. Defendant MBTA admits the remaining allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

## COUNT I

6.  Defendant MBTA restates, re-alleges, and incorporates herein by reference its answer to the allegations set forth in Paragraphs 1 through 5 of the Plaintiff's Complaint.

7.  Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8.  Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. a-g. Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraphs 10 a-g of the Plaintiff's Complaint.

11. Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant is not called upon to either admit or deny the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

No Number 16

## COUNT II

17. Defendant MBTA restates, re-alleges and incorporates herein by reference its answer to the allegations set forth in Paragraphs 1 through 16 of the Plaintiff's Complaint.

18. Defendant MBTA denies that any negligence of the MBTA or its employees caused the Plaintiff's alleged injuries.

19. Defendant MBTA denies the allegations set forth in Paragraph 19 (18) if the Plaintiff's Complaint.

20. a-g. Defendant MBTA denies the allegations set forth in Paragraphs 20(19) (a)-(g) of the Plaintiff's Complaint.

21. Defendant MBTA denies the allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant MBTA denies the allegations set forth in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant MBTA denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant MBTA denies the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant MBTA denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

WHEREFORE, the defendant MBTA denies that the plaintiff is entitled to judgment against the defendant as alleged in the Plaintiff's Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If defendant was guilty of any negligence proximately causing the injuries and damages set forth in the

Complaint, all of which the defendant expressly denies, then plaintiff is guilty of negligence contributing to cause said injuries and damages.

3. Plaintiff's claims should be barred because plaintiff was guilty of negligence which was a contributing cause of Plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to defendant, or alternatively, the Plaintiff's claim should be reduced by the amount of Plaintiff's negligence.

4. The actions or inactions of the defendant was not the proximate cause of Plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which the defendant was not responsible.

5. The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendants were not, and are not, legally responsible.

6. To the extent that plaintiff seeks recovery from the defendants for pain and suffering, such claims are barred by the provisions of G.L. c. 231, §6D.

7. Plaintiff's claims are barred because plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

8. Plaintiff's claim is barred for failure to join one or more indispensable parties.

WHEREFORE, the defendant MBTA respectfully requests that the Court:

1. Deny the relief sought by plaintiff in the Complaint and dismiss said Complaint with prejudice;

2. Award MBTA its reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY
By its attorney,

*Paul J. Sahovey*
Paul J. Sahovey
Assistant General Counsel
Transportation Building
Ten Park Plaza
Boston, MA  02116
(617) 222-3189
BBO #437900

Dated:     February 15, 2005